JORGE STELLA ROYO, Plaintiff and Appellant, *v.* ANTONIO BONILLA, Defendant and Appellee.

No. 9199. Argued December 26, 1945.—Decided January 14, 1946.

*Carlos D. Vázquez* for appellant. *A. Reyes Delgado* and *H. Miranda Negrón* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The only question complained of by appellant in this appeal is that the defendant was not adjudged to pay attorney's fees, notwithstanding the fact that the lower court itself found him to have acted obstinately.

This is an action for damages caused to plaintiff's motor vehicle by defendant in negligently parking his truck. Upon examining the record it transpires that the defendant denied any liability in the accident, although the evidence later showed that his negligence had been manifest. The record likewise discloses the dilatory tactics used by the defendant in procuring several postponements of the trial and failing to appear with his evidence when the trial was finally held. However, the court *a quo*, in refusing to allow attorney's fees to the plaintiff, stated the following:

"As to granting attorney's fees, although it is true that the party *has acted somewhat obstinately,* it is no less true, that he changed his attitude by failing to appear at the last hearing of the case where plaintiff proved the damages." (Italics ours.)

The imposition of attorney's fees is governed by § 327 of the Code of Civil Procedure, as amended, which, in its pertinent part, reads thus:

"In case any party shall have acted rashly, the court *shall include in its judgment the payment of the fees of the attorney for the other party,* stating in its judgment the amount of said fees, taking into account the degree of guilt in the litigation and the work necessarily done by the attorney of the other party; . . . " (Italics ours.)

The above Section leaves no doubt that once the trial judge reaches the conclusion that the defeated party has been obstinate, it is his duty to impose upon him the payment of attorney's fees. *Couverthie* v. *Santiago,* 62 P.R.R. 753.

If the theory of the trial court were to prevail it would be very easy for an obstinate litigant, who is aware that his case is groundless, to avoid the imposition of fees by merely failing to appear at the trial. In our opinion, the failure

to appear on the part of the defendant in the present case, far from justifying his obstinacy as a litigant, rather tends to prove it, for if he believed in good faith that he had a meritorious defense, he would have undoubtedly appeared at the trial to support his defense.

The judgment must be modified in the sense of imposing on the defendant the payment of attorney's fees, which should be fixed in the amount of $100, taking into account the degree of guilt in the litigation and the work necessarily done by appellant's attorney. And thus modified the judgment is affirmed.